UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


William A. Giordani

   v.                                                          Civil No. 12-cv-439-PB

Unnamed Owners of an Apartment Complex
Located at 150 Capitol Hill Drive in
Londonderry, New Hampshire


**REPORT AND RECOMENDATION**

    William Giordani has filed a complaint (doc. no. 1) seeking damages for injuries sustained in an apparent "slip and fall" accident that occurred at an apartment building located at 150 Capitol Hill Drive in Londonderry, New Hampshire (the "apartment building").  As Giordani is proceeding pro se and in forma pauperis, this matter is before the magistrate judge for preliminary review.  See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

**Standard for Preliminary Review**

    Pursuant to LR 4.3(d)(1)(B) and 28 U.S.C. § 1915(e)(2), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct

service of the complaint or, as appropriate, recommend to the district judge that one or more claims be dismissed if the court lacks subject-matter jurisdiction over the matter, or the complaint otherwise fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Giordani states that he, "while in a haste miss [sic] the necessary steps due to the lighting being of poor quality," and apparently fell or otherwise injured himself using the steps of

the apartment building, resulting in significant injury to his knee. Giordani further states that the apartment building has neither an elevator nor handicapped safety rails.[1] Giordani states that he was in "good health" prior to the accident, and that he now suffers pain from his injuries, and has a blood clot that poses a risk to his health.

**Discussion**

I.  Claims

Giordani now asserts the following two claims for relief:

A.  The owners of the apartment complex at 150 Capitol Hill Drive in Londonderry, New Hampshire, violated Giordani's Fourteenth Amendment Equal Protection rights by violating his right not to have his health and safety jeopardized; and

B.  The owners of the apartment complex at 150 Capitol Hill Drive in Londonderry, New Hampshire, are liable under state law for negligence in the maintenance of their property, which negligence caused Giordani to have an accident resulting in personal injury.

II. Equal Protection Claim

Giordani asserts that defendants violated his equal protection rights by maintaining the property where Giordani fell in a manner that failed to protect Giordani. The Equal

---

[1] The relevance of handicapped safety rails is unclear, as Giordani does not claim to have been disabled at the time of the accident.

3

Protection Clause imposes a restriction on government action and does not restrict purely private action.  See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172 (1972).  Giordani has not pleaded any facts suggesting that the building at issue is public housing, that the defendant building owners are government agents, or that defendants' conduct in maintaining the building may be deemed state action for the purposes of establishing an equal protection violation.

Furthermore, to establish an equal protection claim, a plaintiff must demonstrate that: (1) compared with others similarly situated, he was selectively treated; and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as the plaintiff's membership in a particular race or religion.  See Hernandez v. New York, 500 U.S. 352, 360 (1991).  Giordani has not demonstrated that the defendants treated him differently than any other similarly situated person, as it appears that any other individual in good health, who was using the stairs at the apartment building was subject to the same conditions as Giordani.  Further, Giordani has not established that he was a member of any suspect class, much less that defendants subjected him to any discriminatory treatment on the basis of such membership.  Because Giordani has

failed to state any grounds for an equal protection claim upon which relief could be granted, the court should dismiss this claim.

III. Negligence Claim

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010). This court is presumed to lack jurisdiction, and the burden to demonstrate otherwise rests on the plaintiff. See Milford-Bennington R.R. Co. v. Pan Am. Rys., Inc., 695 F.3d 175, 178 (1st Cir. 2012).

A plaintiff may maintain an action in federal court "if it involves a question of federal law, or if the controversy is between citizens of different states and the amount in controversy exceeds $75,000." Hall v. Curran, 599 F.3d 70, 71 (1st Cir. 2010) (citing 28 U.S.C. §§ 1331 and 1332). Additionally, a court may exercise supplemental jurisdiction over a claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

This court may decline to exercise supplemental jurisdiction over pendent state law claims, where the court has

dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). With respect to Giordani's negligence claim, he has failed to invoke either this court's federal question jurisdiction, or its diversity jurisdiction. The negligence claim arises under state, not federal, law, and he alleges neither that the parties are citizens of different states nor that the amount in controversy in this action exceeds $75,000. See 28 U.S.C. §§ 1331 and 1332.

This report and recommendation recommends dismissal of Giordani's federal claim, asserting a violation of his right to equal protection. There are no other claims in this action invoking this court's original jurisdiction. Upon accepting the recommendation to dismiss the equal protection claim, the court should decline to exercise supplemental jurisdiction over Giordani's negligence claim and dismiss that claim without prejudice to Giordani refiling it in state court.

## Conclusion

For the foregoing reasons, the court recommends that this action be dismissed in its entirety, without prejudice to Giordani asserting his negligence claim in the state court. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R.

6

Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 9, 2013

cc: William A. Giordani, pro se

LMB:jba